Eugene Norton, Coroner, Defendant in Error, v. Herman Deuchler and T. J. Turney, Plaintiffs in Error.

Gen. No. 5,987.   (Not to be reported in full.)

Error to the City Court of Aurora; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed January 6, 1915.

## Statement of the Case.

Action by Eugene Norton, coroner of Kane County for use of C. T. McBriarty, sheriff of Kane county, against Herman Deuchler and T. J. Turney on a bond given in a replevin suit.

In a replevin suit brought by defendant Deuchler for certain property on which he held a chattel mortgage securing a note for $600, he and the defendant Turney gave the bond in question. The defendants defended under the Replevin Act, sec. 26 (J. & A. ¶ 9211), and to prove title introduced a certified copy of the chattel mortgage. Plaintiff had verdict and judgment for $1,200 debt and $272.50 damages.

To reverse this judgment, defendant prosecutes this writ of error.

FRED B. SHEARER, for plaintiffs in error; RAYMOND & NEWHALL, of counsel.

CHARLES H. DARLING, for defendant in error.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. REPLEVIN, § 106*—*when burden of proof on defendant in action on bond.* In an action on a replevin bond given in a suit which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was dismissed by the plaintiff in replevin, the burden is on the defendant to show property in himself in mitigation of damages.

2. REPLEVIN, § 124*—*when evidence offered insufficient to establish title in action on bond.* Defendant in an action on a replevin bond, given in a replevin suit which he had voluntarily dismissed, sought to establish his title to the property by introducing a certified copy of a chattel mortgage which described a note secured thereby, giving its date, amount and stated that it was payable to defendant and that it was signed by the mortgagor, and gave the date of its maturity. There was no offer to show an indebtedness from the mortgagor to defendant nor any other offer to show the contents of the note than that contained in the copy of the mortgage. The only excuse for failure to produce the note was defendant's evidence that he was unable to find it, though he had made a careful search for it. It was *held* that even though the proof of loss of the mortgage was sufficient under the Mortgage Act, sec. 5 (J. & A. ¶ 7580), it was not sufficient as a ground for secondary evidence of the contents of the note and there was no sufficient offer to prove their contents, and that the evidence offered was not sufficient to show title in defendant.